# Exhibit A



CT Corporation
Service of Process Notification
09/14/2023
CT Log Number 544717869

## Service of Process Transmittal Summary

**TO:** NANCY DUBONNET, Attorney
Nancy Dubonnet Apc
2082 MICHELSON DR STE 450
IRVINE, CA 92612-1233

**RE:** Process Served in Minnesota

**FOR:** Red Tail Acquisitions, LLC  (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Dario Perkins-Gardner, on behalf of himself and all others similarly situated // To: Red Tail Acquisitions, LLC |
| **CASE #:** | None Specified |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, Inc., Saint Paul, MN |
| **DATE/METHOD OF SERVICE:** | By Process Server on 09/14/2023 at 12:57 |
| **JURISDICTION SERVED:** | Minnesota |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780104918666

Email Notification,  NANCY DUBONNET  nancy@dubonnet.law |
| **REGISTERED AGENT CONTACT:** | C T Corporation System, Inc.
1010 Dale Street N
Saint Paul, MN 55117
800-874-5258
WestTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of 1

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Thu, Sep 14, 2023
**Server Name:** Drop Service

| Entity Served | RED TAIL ACQUISITIONS, LLC |
|---|---|
| Case Number | |
| Jurisdiction | MN |

| Inserts | |
|---|---|
| | |



Business Filing Details                              https://mblsportal.sos.state.mn.us/Business/SearchDetails?filingGu...

## Business Record Details »

Minnesota Business Name
Red Tail Acquisitions, LLC

**Business Type**
Limited Liability Company (Foreign)

**File Number**
1153908500023

**Filing Date**
4/13/2020

**Renewal Due Date**
12/31/2023

**Registered Agent(s)**
C.T. Corporation System Inc.

**Principal Executive Office Address**
2082 MICHELSON DR FL 4
Irvine, CA 92612-9261
United States

**Principal Place of Business Address**
2082 Michelson Drive, 4th Floor
Irvine, CA 92612
USA

**MN Statute**
322C

**Home Jurisdiction**
Delaware

**Status**
Active / In Good Standing

**Registered Office Address**
1010 Dale St. N
Saint Paul, MN 55117-5603
USA

**Manager**
Michael B. Earl
2082 Michelson Drive, 4th FL
Irvine, CA 92612
USA

**Home Business Name**
Red Tail Acquisitions, LLC

**Home Office Address**
1209 Orange Street
Wilmington, DE 19801
United States

Filing History

# Filing History

STATE OF MINNESOTA
COUNTY OF HENNEPIN
FOURTH JUDICIAL DISTRICT

| | |
|---|---|
| Dario Perkins-Gardner, on behalf of himself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Pacific Personnel Services and Red Tail Acquisitions, LLC<br><br>　　　　　　Defendants. | **SUMMONS** |

TO: __Red Tail Acquisitions, LLC__
　　　1010 Dale Street North
　　　Saint Paul, Minnesota 55117

　　　1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

　　　2. **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons to the address below.

　　　3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

　　　4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN**

3

RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS. If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

    5. LEGAL ASSISTANCE. You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.

    6. ALTERNATIVE DISPUTE RESOLUTION. The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: September 12, 2023     Respectfully submitted

*[signature]*

A. L. Brown (# 331909)
**CAPITOL CITY LAW GROUP, LLC**
287 East Sixth Street, Suite 20
Saint Paul, MN 55101 .
Telephone: (651) 705-8580
E-Mail: A.L.Brown@CCLAWG.COM

4

STATE OF MINNESOTA
COUNTY OF HENNEPIN
FOURTH JUDICIAL DISTRICT

| | |
|---|---|
| Dario Perkins-Gardner, on behalf of himself and all others similarly situated,<br><br>               Plaintiff,<br><br>v.<br><br>Pacific Personnel Services and Red Tail Acquisitions, LLC<br><br>               Defendants. | **COMPLAINT**<br>**JURY DEMANDED**<br>**(CLASS ACTION)** |

Plaintiff brings this Class Action Complaint on behalf of himself, and all others similarly situated, to recover damages and injunctive relief from Defendants.

## JURISDICTION AND VENUE

1. This action arises under various state laws relating to employment and wages, breach of contract, and Minnesota's common law. Therefore, the Court has jurisdiction under Minn. Stat. § 484.01, *et seq.* This matter is properly venued in Hennepin County, Minnesota under Minn. Stat. § 542.08, *et seq.*

## PARTIES

2. Plaintiff Dario Perkins-Gardner was at all relevant times a resident of the State of Minnesota.

3. Plaintiff seeks to represent himself and all others similarly situated.

4. Defendant Pacific Personnel Services is the Plaintiff's employer.

5. Defendant Red Tail Acquisitions is the Plaintiff's employer.

6. The Defendant's principal business is the management of residential communities and commercial properties throughout the State of Minnesota and other states.

5

## GENERAL ALLEGATIONS

7. Plaintiff worked for the Defendants as a maintenance technician within the last two years.

8. As a maintenance technician, it was the Plaintiff's job to make repairs to various properties within the Defendants' property management portfolio, including ones in Hennepin County.

9. Plaintiff was an hourly employee.

10. As an hourly employee, Plaintiff was entitled to at least the minimum wage for each hour worked.

11. Defendants required Plaintiff, and other members of the Defendants' on-call team ("class members"), to work some nights and weekends in an on-call status.

12. Plaintiff was scheduled to work approximately 40 hours per week.

13. The Defendants required the Plaintiff to work in an on-call capacity as a condition of employment.

14. While on-call, the Defendants required the Plaintiff to carry a cellular phone.

15. The Defendants advertised an after-hours phone service number to its residents, and that after-hours phone service would in turn contact the Plaintiff and other employees working on-call via the cellular phone.

16. The Defendants advertised an after-hours phone service number to its residents, and that after-hours phone service would ring directly to Plaintiff and other employees working on-call via the cellular phone provided by the Defendants.

17. Residents were permitted to call the after-hours phone service, and in turn the on-call phone carried by the Plaintiff, after the Defendants' offices closed, no matter what the time.

18. The Defendants required Plaintiff, while working on call, to make himself available by telephone and be able to respond to calls from residents or the Defendants.

19. The Defendants required Plaintiff to remain close enough to its properties such that Plaintiff could be on-site for an emergency within a short period of time.

20. The Defendants required on-call employees to refrain from ingesting any substance that would render them incapable of responding to an on-call incident.

21. The Defendants required the Plaintiff to respond to calls or text messages from the residents or the Defendants immediately.

22. If the Plaintiff missed a phone call or text messages from residents or the Defendants, the Defendants required the Plaintiff to respond to those messages as soon as possible.

23. If Plaintiff could not resolve the on-call incident, the Defendants directed the Plaintiff as to how to handle the incident.

24. Plaintiff was not permitted to ignore calls or text messages from a resident.
25. An on-call employee who failed to respond to any incident reported on the on-call phone was subject to discipline, including termination.
26. Working on-call disrupted Plaintiff's personal life. For instance:
    a. Plaintiff could not venture too far from the Defendants' properties when working on call.
    b. The on-call responsibility often trumped his desire to spend time with his friends and family without fear of interruption from a call from a resident.
    c. The on-call responsibility limited the Plaintiff's ability to plan travel to places that were too far from the Defendants' property.
    d. Plaintiff, while working on-call, would receive calls from residents very early in the morning.
    e. Plaintiff, while working on-call, would receive calls from residents very late at night.
    f. While working on-call, Plaintiff could not enjoy his sleep for fear of missing a resident's call.
    g. While working on-call, Plaintiff experienced a great deal of stress.
27. As a result of the Defendants' on-call policy, the Plaintiff was tethered to the on-call phone and required to monitor it whenever on-call.
28. As a result of the Defendants' on-call policy, the Plaintiff was required to remain within 30 minutes or less of Defendants' properties.
29. As a result of the Defendants' policy, the on-call conditions for Plaintiff were so restrictive that Plaintiff was required to remain on the Defendants' properties or so close to the Defendants' properties that he could not effectively use on-call time for personal purposes.
30. The Defendants did not provide compensation for time worked on-call.
31. Instead, the Defendants would only pay the Plaintiff for time it took to respond to the call, document the call, and record his time.

7

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action on behalf of himself and on behalf of all individuals similarly situated.

33. Plaintiff proposes a class defined as follows: "all residents of Minnesota whom Defendants employed in an on-call capacity and paid on an hourly basis during the relevant liability period."

34. This action is maintainable as a class action under Minnesota Rule of Civil Procedure 23.01 because the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class, the claims or defenses of the representative parties are typical of the claims or defenses of the class, and the representative party will fairly and adequately protect the interest of the class.

35. The Defendants employs or employed at least 40 persons during the relevant statutory periods who work or worked in an on-call capacity.

36. This action is also properly maintainable as a class action under Minnesota Rule of Civil Procedure 23.02 because questions of law or facts common to members of the class predominate over any questions affecting only individual members, and because the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

37. The Defendants applied the on-call policy uniformly to all employees who were required to work on-call.

38. The members of the class identified above are so numerous that joinder of all members is impracticable.

39. There are numerous and substantial questions of law and fact common to all of the members of the Class.

40. Defendants are expected to raise common defenses to this class action, including denial that their actions violated the law.

41. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced and competent in the prosecution of complex litigation.

42. The claims of the named plaintiff, set forth herein, are typical of the claims of the Class. The named plaintiff has the same interests and suffer from the same injury as the class members.

43. Upon information and belief, no other member of the proposed class has an interest in individually controlling the prosecution of his/her claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer.

44. Plaintiff is unaware of any other litigation concerning this controversy commenced by or for other proposed class members.

8

## COUNT I
## FAILURE TO PAY MINIMUM WAGES
## (VIOLATION OF THE MINNESOTA FAIR LABOR STANDARDS ACT).

45. Plaintiff re-alleges and incorporates the above paragraphs as though fully stated herein.

46. The hours worked on-call by the Plaintiff are compensable.

47. As such, the Defendants are required to pay a statutory minimum wage established by the Legislature or the contract wage for each hour the Plaintiff performed work, including on-call time.

48. The Defendants did not pay the Plaintiff the minimum wage or the contract wage for each hour worked.

49. By failing to pay a minimum wage as defined by the Legislature or the wage established by the employment contract, the Defendants are liable to the Plaintiff and class members for the full amount of the wages less any amount the Defendants are able to establish was actually paid to the employee and for an additional equal amount of such unpaid wages as liquidated damages.

## COUNT II
## BREACH OF CONTRACT
## FAILURE TO PAY WAGES

50. Plaintiff re-alleges and incorporates the above paragraphs as though fully stated herein.

51. Plaintiff agreed to work for the Defendants.

52. In exchange for this work, the Defendants agreed to pay the Plaintiff and class members an hourly rate of pay that was equal to or greater than the minimum wage.

53. The Plaintiff and class members performed the work on behalf of the Defendants.

54. The Defendants breached this employment contract by failing to pay the wage promised or required by law to the Plaintiff and his class members for each hour they worked.

## COUNT III
## UNJUST ENRICHMENT

55. Plaintiff re-alleges and incorporate the above paragraphs as though fully stated herein.

56. By working on-call and responding to the residents within the Defendants' properties the Plaintiff conferred a benefit onto the Defendants.

57. The Defendants were aware of the benefit the Plaintiff conferred on the Defendants while working on-call.

58. It would be inequitable for the Defendants to retain the benefit of the Plaintiff's work without paying for it.

9

59. As a result, the Defendants are liable to the Plaintiff.

## COUNT IV
## QUANTUM MERUIT

60. Plaintiff re-alleges and incorporates the above paragraphs as though fully stated herein.
61. Plaintiff provided services to the Defendants by remaining on-call and responding to incidents reported to the on-call phone.
62. The Defendants understood that Plaintiff and class members were employees and not volunteers and therefore a promise to pay Plaintiff and class members from the Defendants should be implied.
63. The services provided by the Plaintiff and class members while working on-call had a monetary value.
64. As a result, the Defendants are liable to the Plaintiff and the class members.

## COUNT V
## VIOLATION OF THE MINNESOTA FAIR LABOR STANDARDS ACT OVERTIME PAY REQUIREMENT

65. Plaintiff re-alleges and incorporates the above paragraphs as though fully stated herein.
66. The Minnesota FLSA requires employers to pay overtime compensation to employees for all hours worked in excess of 48 per week.
67. Defendants are the 'employers' and Plaintiff and class members are the 'employees' for purposes of the Minnesota FLSA.
68. Defendants' employment practices, as detailed above, resulted in Plaintiff sometimes working more than 48 hours per week.
69. Defendants failed to pay Plaintiff and class members overtime compensation for all hours they worked over 48 hours per week.
70. Defendants knew, or showed reckless disregard for, the fact that it violated the Minnesota FLSA by failing to properly pay Plaintiff and class members overtime compensation for the work activities described in this Complaint.
71. Plaintiff suffered damages because of Defendants' violation of the Minnesota FLSA.

## COUNT VI
## VIOLATION OF THE MINNESOTA PAYMENT OF WAGES ACT
### Minn. Stat. §§ 181.101, 181.13, 181.14, and Minn. Rule 5200.0120, Subpart 1

72. . Plaintiff re-alleges and incorporate the above paragraphs as though fully stated herein.
73. Defendants agreed to pay Plaintiff and class members an hourly wage for all hours worked for Defendants.

74. The Minnesota Payment of Wages Act requires employers to pay for all straight time worked.

75. Defendants violated the Minnesota Payment of Wages Act and Minn. Rule 5200.0120 by failing to compensate Plaintiff and class members for all straight time worked.

76. Defendants knew, or showed reckless disregard for, the fact that it violated the Minnesota Payment of Wages Act and Minn. Rule 5200.0120 by failing to pay Plaintiff and class members for all straight time worked.

## JURY DEMAND

77. Plaintiff and class members demand a jury trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the class, requests relief as follows:

1. Certify this case as a class action;
2. Designate Plaintiff as representative of the class and Plaintiff's counsel as Class Counsel;
3. Judgment against Defendants for an amount exceeding $50,000, equal to Plaintiff's and class members' unpaid wages and an equal amount of liquidated damages;
4. An injunction requiring the Defendants to comply with the wage laws of the State of Minnesota;
5. Leave to add additional plaintiffs;
6. Leave to amend the Complaint to address any deficiencies;
7. All statutory relief to which Plaintiff and class members are entitled;
8. Reasonable attorneys' fees and costs as provided for by law; and
9. All other relief the Court deems appropriate.

Dated: September 12, 2023            Respectfully submitted

                                     _____
                                     A. L. Brown (# 331909)
                                     **CAPITOL CITY LAW GROUP, LLC**
                                     287 East Sixth Street, Suite 20
                                     Saint Paul, MN 55101
                                     Telephone: (651) 705-8580
                                     E-Mail: A.L.Brown@CCLAWG.COM


                         ATTORNEYS FOR PLAINTIFF


             ACKNOWLEDGEMENT REQUIRED BY MINN. STAT. § 549.211

                           Plaintiff, through undersigned counsel, acknowledges that sanctions, attorneys' fees, and witness fees may be imposed under Minn. Stat. § 549.211.

Dated: September 12, 2023
                                     _____
                                     A. L. Brown (# 331909)
                                     **CAPITOL CITY LAW GROUP, LLC**
                                     287 East Sixth Street, Suite 20
                                     Saint Paul, MN 55101
                                     Telephone: (651) 705-8580
                                     E-Mail: A.L.Brown@CCLAWG.COM

12